IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WYMAN FRALEY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:05cv006-VPM |
| ) | [WO] |
| CINCINNATI INSURANCE ) | |
| COMPANY, a corporation, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on the defendant's ["Cincinnati"] motion to dismiss (Doc. # 13). After reviewing the parties arguments and the relevant law, the court concludes that the motion is due to be denied.

**I.  DISCUSSION**

Cincinnati filed its motion contending that the Fraleys, who are in the process of seeking bankruptcy protection, were legally prohibited from pursuing this civil action because the underlying civil claims belonged to the bankruptcy estate and the Fraleys consequently were not parties in interest.

Both parties have presented arguments perforated with contested facts for why the Fraleys are or are not the proper parties to bring this action. In addition, while this motion was pending, the bankruptcy trustee sought to abandon the Fraleys' claims formally in an effort to remove all doubt. *See* 11 U.S.C. § 554(a) (2000); FED. R. BANKR. PROC. 6007.

Predictably, Cincinnati objected to the proposed abandonment, but the objection was fruitless. Following a hearing on the matter, the presiding bankruptcy judge, Honorable Dwight H.

Williams, Jr., held, somewhat ironically, that Cincinnati was not entitled to object because *Cincinnati* was not a "'party in interest' with standing to object to the trustee's notice of abandonment" (***In re Fraley***, 03-12442-DHW, Docs. ## 162-63).

With no other objections filed, the claim was abandoned (*Id.* at Doc. # 162, p. 4 ("If no objection is filed, the abandonment is effective without an order from the court.")), and Cincinnati's arguments in support of the instant motion, which focuses solely on the abandonment issue, became moot. In fact, implicit in Cincinnati's arguments is an acknowledgment that if the claim was abandoned properly by the bankruptcy estate, the Fraleys would be the proper parties in interest (Docs. ## 13, 14, 23).

Simply because the Fraleys are now unquestionably the proper parties in interest, however, does not mean that they enjoyed that status when they filed their complaint in this action, and the court must determine how, if at all, this yet unresolved issue affects the outcome of this motion.

Rule 17(a) of the ***Federal Rules of Civil Procedure*** states in relevant part:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

FED. R. CIV. P. 17(a).

Thus, according to the rule's plain language, the Fraleys' current status as the proper parties in interest means that their status at the initiation of the case is largely irrelevant. The pertinent advisory committee notes provide guidance for determining whether Rule 17(a) should protect a plaintiff who, though currently a proper party, was not the proper party at the initiation of a civil

2

action. With respect to the instant case, however, the advisory notes do not counsel a different conclusion because the circumstances of this case render reasonable any error made by the Fraleys regarding their status at the beginning of this litigation.[1] *Cf.* **Delta Coal Program v. Libman**, 743

---

[1] The advisory committee notes to the 1966 amendment of the rule state:

> The provision that no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed, after the objection has been raised, for ratification, substitution, etc., is added simply in the interests of justice. In its origin the rule concerning the real party in interest was permissive in purpose: it was designed to allow an assignee to sue in his own name. That having been accomplished, the modern function of the rule in its negative aspect is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata.
>
> This provision keeps pace with the law as it is actually developing. Modern decisions are inclined to be lenient when an honest mistake has been made in choosing the party in whose name the action is to be filed–in both maritime and nonmaritime cases. See *Levinson v. Deupree*, 345 U.S. 648 (1953); *Link Aviation, Inc. v. Downs*, 325 F.2d 613 (D. C. Cir. 1963). The provision should not be misunderstood or distorted. *It is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made.* It does not mean, for example, that, following an airplane crash in which all aboard were killed, an action may be filed in the name of John Doe (a fictitious person), as personal representative of Richard Roe (another fictitious person), in the hope that at a later time the attorney filing the action may substitute the real name of the real personal representative of a real victim, and have the benefit of suspension of the limitation period. It does not even mean, when an action is filed by the personal representative of John Smith, of Buffalo, in the good faith belief that he was aboard the flight, that upon discovery that Smith is alive and well, having missed the fatal flight, the representative of James Brown, of San Francisco, an actual victim, can be substituted to take advantage of the suspension of the limitation period. It is, in cases of this sort, intended to insure against forfeiture and injustice–in short, to codify in broad terms the salutary principle of *Levinson v.*

F.2d 852, 856 (11th Cir. 1984) (allowing the substitution of parties when the claims of the substituted parties had "functionally been before the court since the outset of" the litigation).

Consequently, this action should proceed without further delay.

## II.  CONCLUSION

Therefore, it is hereby

ORDERED that Cincinnati's motion is DENIED.

DONE this 21st day of February, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE

---

*Deupree*, 345 U.S. 648 (1953), and *Link Aviation, Inc. v. Downs*, 325 F.2d 613 (D.C. Cir. 1963).

FED. R. CIV. P. 17(a) advisory committee's note (emphasis added).

The Fraleys contend that damage occurring after they filed the bankruptcy petition gave rise to claims that never belonged to the bankruptcy estate (Doc. # 21, p. 1). Moreover, despite consciously deciding not to file a notice of abandonment, the bankruptcy trustee previously had advised the Fraleys that he did not intend to administer their claims against Cincinnati as part of the bankruptcy estate (Aff. of William C. Carn, Bankruptcy Trustee, Doc. # 21, p. 6). Furthermore, Cincinnati has failed to offer any evidence that the Fraleys were not acting in good faith when they filed their complaint nearly one year after filing for bankruptcy protection.

4