IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WYMAN FRALEY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:05cv006-VPM |
| ) | [WO] |
| CINCINNATI INSURANCE ) | |
| COMPANY, a corporation, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

On 30 August 2005, the court entered an order establishing the deadlines for filing and responding to dispositive motions and warning, in bold print, that "**[a]bsent a showing of exceptional circumstances, the dispositive motion deadline and the briefing deadlines will not be extended**" (Doc. # 26, p. 1). The order subsequently established a 21-day deadline for any response to a dispositive motion (Doc. # 26, p. 2). At the time, the plaintiffs [collectively, the "Fraleys"] were represented by counsel, their third in eight months of litigation that had only then reached the point of establishing a discovery and trial schedule.[1] Currently, the Fraleys are proceeding *pro se*.

---

[1] The record reflects that the Fraleys initially were represented by two attorneys, Richard Martin Adams, Esq., and Stephen Mark Andrews, Esq., who withdrew as counsel almost immediately after this case was removed from the Circuit Court of Houston County, Alabama (Docs. ## 1, 2). They were replaced briefly by Stephen Mark Andrews, Esq., who withdrew as counsel slightly more than 2 months after entering a notice of appearance (Docs. ## 5, 6), and then eventually Brenda Drendel Hetrick, Esq., whose representation endured for approximately eight months (Docs. ## 19, 41-42).

On 20 June 2006, the deadline for filing dispositive motions, defendant Cincinnati Insurance Company ["Cincinnati"] filed a motion for summary judgment of all of the Fraleys' claims (Doc. # 45, p. 1).  In accordance with the court's briefing schedule, the Fraleys' response was due on 11 July 2006 (Doc. # 26, p. 2).  As of 19 July 2006, the Fraleys had not responded, and the court issued an order requiring the Fraleys to show cause why Cincinnati's motion should not be granted (Doc. # 51).

Rather than offer justification for their failure to comply with the court's deadlines, the Fraleys simply submitted their response in opposition to the motion for summary judgment (Docs. ## 53-55).  Immediately thereafter, the court ordered once again that the Fraleys' explain the cause of their delay (Doc. # 56).

The Fraleys responded with a request for "discretion and latitude" because they "did not receive their file from previous counsel until June 26, 2006" and they "misunderstood the Courts [sic] Order, interpreting it to mean [that they] were granted an extension to file their response to the Defendants [sic] Motion for Summary Judgment" (Doc. # 58, p. 1).  The Fraleys' response fails to establish cause for granting the requested latitude.

While the court must grant latitude when construing pleadings filed by *pro se* plaintiffs, it is not required generally, nor is the court inclined in this case, to grant latitude with respect to a *pro se* party's failure to comply with court-ordered deadlines.  **Wayne v. Jarvis**, 197 F.3d 1098, 1104 (referring to *pro se* filings, noting, "Liberal construction does not mean liberal deadlines.") *quoted in* **Clark v. Health & Human Svcs.**, No. 05-15698, 2006 WL 994150, at *1 (11th Cir. Apr. 17, 2006) (slip copy).  The Fraleys' excuse that they did

not receive their file from their most recently terminated counsel until 26 June 2006 is unpersuasive for at least three reasons:

1. This lawsuit has been pending for 19 months during which time the Fraleys have changed counsel twice, and the court issued its briefing schedule approximately ten months before Cincinnati filed its summary judgment motion. Absent any indication to the contrary, the court assumes the Fraleys' legal counsel have kept them well-informed as to the status of their case and all pending deadlines.

2. The record reflects that Hetrick, the Fraleys' most recent attorney of record, withdrew as counsel as of 12 April 2006, more than two months before the Fraleys claim to have received their case file from her office. The Fraleys, however, do not attempt to assign blame for the delayed return. Regardless, assuming *arguendo* that Hetrick is to blame, that is a matter for the Fraleys to take up with her, and it is not a valid excuse for failing to adhere to the court's carefully planned schedule.

3. Finally, having obtained their case file on 26 June 2006, the Fraleys enjoyed ample time to (a) review the file, (b) become familiar with the status of their case and (c) file either their response opposing the motion for summary judgment or a request for an extension of time to file their response prior to the expiration of the response deadline. Their apparent failure to perform (a) and (b) renders their unquestionable failure to perform (c) inexcusable.

In addition, the Fraleys fail to inform the court of the basis for their error in interpreting one of the court's many orders in this case as having extended the deadline to file a response to the summary judgment motion. Assuming the Fraleys are referring to the post-deadline order to show cause (Doc. # 51), their mistaken interpretation is unreasonable.

The Fraleys' response to the motion for summary judgment was due 11 July 2006. They did not file a response until 27 July 2006, and they have failed to explain adequately the reason for their failure to comply with the court's deadline. Therefore, it is hereby

ORDERED that Clerk of the Court is DIRECTED to strike from the record the Fraleys' response to Cincinnati's motion for summary judgment (Doc. # 53). The court will not consider their response when deciding whether summary judgment is appropriate. Accordingly, Cincinnati's motion for leave to file a reply to the Fraleys' response (Doc. # 60) is DENIED.

DONE this 17th day of August, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE