IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

WYMAN FRALEY, et al.,           )
                                )
         Plaintiffs,            )
                                )
v.                              )   CIVIL ACTION NO. 1:05CV006-VPM
                                )   [WO]
CINCINNATI INSURANCE            )
COMPANY, a corporation,         )
                                )
         Defendant.             )

## ORDER ON MOTION

On 14 August 2006, the defendant filed a Supplemental Pre-Trial Disclosure of Expert Witnesses (Doc. # 59). The defendant named Brian L. Benson, CIH, as an expert witness and attached his curriculum vitae. Without naming him, the defendant also stated that it had not received the curriculum vitae or expert report of "Tom Cooper". In a later pleading, Defendant's Pre-Trial Disclosure of Witnesses, filed on 31 August 2006 (Doc. # 64), the defendant named the following persons as witnesses:

1.  Brian L. Benson
2.  Dr. Thomas Cooper, Ph.D.
3.  Brian W. Hollis
4.  Charles P. Stoneburner, III
5.  Sandra Gilley
6.  William Fraley
7.  Victoria Fraley
8.  Thomas Haney
9.  Casey Haney
10. An unnamed contractor
11. An unnamed inspector
12. Sarah Pieplow
13. Anthony Williams
14. Tom Ziegenfelder
15. Aaron Jones
16. Any witnesses disclosed by the plaintiffs

The plaintiffs filed on 11 October 2006 a Motion to Strike certain of defendants'

witnesses, to wit, the persons named in items 2, 8, 9, 10, 11, and 12 (Doc. # 70).[1]  The Amended Scheduling Order entered in this case on 15 February 2006 (Doc. # 33) set the discovery deadline at 16 June 2006 and specifically set the deadline for disclosure of expert witnesses at 14 July 2006 for the plaintiffs and 14 August 2006 for the defendants.[2]  The order also directed the parties to exchange the names, addresses, and telephone numbers of all non-expert witnesses by 31 August 2006.

The court therefore makes the following findings:

1. The defendants met the deadline for disclosure of expert witness Brian L. Benson by naming him in the pleading that was filed and served on 14 August 2006 and by attaching his curriculum vitae;

2. It is questionable whether the deadline was met for disclosing Dr. Thomas Cooper, because (a) he was not named as a witness in the 14 August 2006 disclosure, and (b) his curriculum vitae was not included;

3. It is questionable whether the deadline was met for disclosing the non-expert witnesses because the court is unaware whether defendants complied with Section 9 of the Amended Scheduling Order.[3]

---

[1] Possibly because the plaintiffs identified the wrong filing date, the instant motion was docketed as having challenged Doc. # 59, but its text indicates clearly that it was designed to challenge Docs # 59 and 64.  The plaintiffs referenced "14 August 2006" (Doc. # 59) as the filing date, but their textual references allude to the information included in Doc. # 64, filed on 31 August 2006.  Accordingly, the Clerk is DIRECTED to correct the docketing information.

[2] Once again, the plaintiffs cite the incorrect date, 31 August 2005.  The order which set the discovery deadline at 16 June 2006 was not issued on 31 August 2005, it was issued on 15 February 2006.

[3] The Amended Scheduling order also directed the parties to "exchange the names, addresses and telephone numbers of all witnesses, except witnesses solely for impeachment purposes" (Doc. # 33)

4. The order directed the parties to include witnesses's names, thus "home inspector", "a representative and/or employee of Serve Pro, Inc.", and "unknown contractor" are not permissible witness notifications.

Accordingly, it is ORDERED as follows:

1. The plaintiffs' motion to strike is GRANTED in part, DENIED in part, and HELD in abeyance in part.

2. To the extent that the plaintiffs request that the striking Brian L. Nelson as an expert witness, the motion is DENIED.

3. To the extent that the motion seeks to strike Dr. Thomas L. Cooper as an expert witness, the motion is held in abeyance until the defendant makes further submissions. On or before 20 October 2006, the defendant shall show cause why the motion to strike Dr. Cooper should not be granted.

4. To the extent that the motion seeks to strike the unnamed witnesses, or the witnesses referred to only by their function or responsibility, rather than by name, the motion to strike is GRANTED.[4]

5. Because the defendant did not provide addresses and telephone numbers as the scheduling order directed, on or before 20 October 2006, the defendant shall show cause why the motion to strike all of the named witnesses, besides Dr. Cooper, should not be granted.

---

[4]The "inspector" and the "contractor" were named again in Defendant's Second Amended Pre-Trial Disclosure of Expert Witnesses, filed on 11 October 2006 (Doc. # 71). They are stricken from that list as well.

DONE this 12th day of October, 2006.

                                        /s/ Vanzetta Penn McPherson
                                        VANZETTA PENN MCPHERSON
                                        UNITED STATES MAGISTRATE JUDGE